WILLIAMS *et al. v.* GREGORY *et al.*

On motion for a new trial, the filing of a counter-statement is a waiver of objections to want of notice of the intention to move for a new trial.

When it appears from the bill of exceptions signed by the judges, that the motion for a new trial was heard on statement, counter-statement, and affidavits, it cannot be objected that the statement was not settled.

APPEAL from the District Court of the Fifteenth Judicial District.

The facts of this case appear in the opinion of the Court.

*Lott & Sexton* for Appellants.

*Robinson & Beatty* for Respondents.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action for diverting water from the ditch of plaintiffs. The only issues in the case had reference to the question of prior appropriation and the amount of damages. Plaintiffs had judgment, defendants moved for a new trial, which motion was overruled; and from the order overruling this motion, defendants have appealed to this Court.

This case was placed upon the calendar, upon motion of the counsel of plaintiffs, as a delay case. It is urged by them that there was no notice of motion for new trial, as required by section one hundred and ninety-five of the code, and that the statement was not settled by the Judge upon notice. The trial was had May 23d, 1857, and the statement filed May 29th, 1857. The plaintiffs filed a counter-statement on the 24th June, 1857, and a counter-affidavit November 30th, 1857. The motion was overruled December 2d, 1857. There is in the record no evidence of any notice of intention to move for a new trial. But we think this irregularity was waived by the act of filing the counter-statement. The object of the notice was accomplished without it. As to the objection, that the statement was not settled by the judge, it appears from the bill of exceptions signed by him, that the motion for a new trial was heard upon the statement, counter-statement, and affidavits on file. The reference in the bill of exceptions to those papers is sufficiently certain to make them a part of it. From these facts, it appears the defendants admitted the facts stated in the counter-statement and affidavit of plaintiffs. The record is not very well made up, but there are no substantial objections to it.

Coming, then, to the alleged grounds for a new trial, and

taking the counter-statement, as admitted by defendants, we see no error in the refusal of the Court to grant a new trial. The evidence before the jury was conflicting, and we cannot disturb the verdict. The other grounds alleged we think not sufficient.

Judgment affirmed.