PAYNE, respondent, v. Davis, appellant.

JURISDICTION — *amount of costs.* The amount of the costs forms no part of the matter in dispute when questions of jurisdiction are considered.

SAME — *act restricting appeal void.* The six hundred and seventeenth section of the Civil Practice Act, which provides that the supreme court shall have jurisdiction in civil cases, "where the amount in dispute exceeds $100," is inconsistent with the ninth section of the Organic Act of the Territory, which allows appeals "in all cases from the final decisions" of the district courts.

STATUTORY CONSTRUCTION — *appeal.* Statutes should be construed liberally to maintain the right of appeal.

PRACTICE — *waiver of irregularities in appeal.* D. recovered a judgment in the probate court against P., who appealed. D. appeared generally at two terms of the district court and made two motions to dismiss the appeal for certain irregularities in the taking of the appeal. The motions were overruled, and D. proceeded voluntarily to a trial upon the merits of the action and P. recovered judgment. *Held,* that D. waived the irregularities in the taking of said appeal.

*Appeal from Third District, Lewis and Clarke County.*

CHUMASERO & CHADWICK, for the motion to dismiss the appeal.

J. J. WILLIAMS and SHOBER & LOWRY, contra.

BLAKE, J.   The respondents have filed a motion to dismiss this appeal because the amount in dispute is less than $100. The transcript shows that the value of the property involved in the action is $50, and that the costs exceed $80. In considering questions of jurisdiction, the amount of the costs forms no part of the matter in dispute and cannot be regarded in determining this motion. *Bolton* v. *Landers,* 27 Cal. 106; *Walker* v. *United States,* 4 Wall. 164.

The respondents rely upon the following section, which provides that this court "shall have appellate jurisdiction in all civil cases where the amount in dispute exceeds $100." Civ. Pr. Act, § 617. There are other sections of the same act which provide that appeals may be taken from all final judgments in civil actions, and no limitations are placed upon the amount in controversy. Id., §§ 369, 380, 392. The Organic Act contains this clause:

" Appeals shall be allowed in all cases from the final decisions of said district courts to the supreme court, under such regulations as may be prescribed by law." § 9. Under this provision, the legislative assembly has the power to define the mode and manner of the proceedings by which appeals can be taken to this court. But it has no authority to limit the appellate jurisdiction of this court and deprive any party of his right to be heard on appeal in any case. In *Ferris* v. *Higley*, 20 Wall. 383, Mr. Justice MILLER delivered the opinion and said : " But we hold that the acts of the legislature are not the only law to which we must look for the powers of any of these Territorial courts. The general history of our jurisprudence and the Organic Act itself are also to be considered, and any act of the Territorial legislature inconsistent with the latter must be held void." The part of said six hundred and seventeenth section, which relates to the " amount in dispute," is in conflict with the Organic Act and must be treated as a nullity. The other sections of the Civil Practice Act, *supra*, are in harmony with the Organic Act, and must be enforced. Statutes must be so construed as to maintain the right of appeal, if the established rules of interpretation are not violated. *Appeal of Houghton*, 42 Cal. 45.

*Motion overruled.*

The appeal was then heard upon its merits.

WADE, J., decided the motions referred to in the opinion and tried the action with a jury.

J. J. WILLIAMS and SHOBER & LOWRY, for appellant.

Appellant's motion to dismiss the appeal from the probate court should have been sustained. The undertaking had one surety. The statute requires two. Sts. 8th Sess. 50, § 5. The notice of appeal was not served. The undertaking was not filed within the time prescribed by law. No appeal from the probate court was perfected and the district court did not have jurisdiction of the case. *Bryan* v. *Berry*, 8 Cal. 133; *Franklin* v. *Reiner*, id. 340; *Whipley* v. *Mills*, 9 id. 641; *Hastings* v. *Halleck*, 10 id. 31; *Elliott* v. *Chapman*, 15 id. 383; Cod. Sts. 117, §§ 411, 412.

To render an appeal effectual for any purpose, the statute must be strictly complied with. No undertaking was ever filed.

CHUMASERO & CHADWICK, for respondent.

Appellants made a general appearance at the May term of the district court and thereby waived the alleged irregularities in the taking of the appeal from the probate court. The object of the appeal was accomplished when appellants appeared by their attorney in the court below. *McLeran* v. *Shartzer*, 5 Cal. 70; *Mahoney* v. *Middleton*, 41 id. 51; *Shields* v. *Thomas*, 18 How. (U. S.) 258; Miller's Pl. & Pr. 169–171; *Carpentier* v. *Minturn*, 65 Barb. 294; *Seymour* v. *Judd*, 2 N. Y. 464.

Appellants could not renew their motion at the November term without leave of court. Wait's Code, 760, and cases cited. Appellants' motions to dismiss were irregular in form and ambiguous and uncertain.

An appeal bond may be amended, if defective. *Bornheimer* v. *Baldwin*, 38 Cal. 671; *Coulter* v. *Stark*, 7 id. 244.

BLAKE, J. This action was brought and tried in the probate court of Lewis and Clarke county, and the appellants recovered judgment. A notice of appeal from this judgment was filed by the respondents June 2, 1874, but not served upon the appellants. An undertaking with one surety was given at the same time, which was approved by the probate judge November 4, 1874. Subsequently the transcript and other papers were delivered to the clerk of the district court. The appellants appeared generally at the May term, 1875, and made an oral motion to dismiss the appeal for two reasons: That no notice of appeal had been served upon them, and that the undertaking on appeal had not been perfected within the time required by law. The motion was denied, and a written motion of the same character was filed and overruled at the following term in November. This was entered in the "motion book," and assigned only one ground, that the appeal "is not perfected according to law." Afterward, at the same term, the action was tried by a jury by the agreement of the parties and a judgment was entered on the verdict for the respondents.

The action of the court in refusing to dismiss the appeal from the probate court is the only error of which the appellants complain.

We think that the appellants waived the irregularities of the respondents in the taking of their appeal from the probate court by proceeding to a trial in the court below. The appellants made a general appearance at two terms of the district court and submitted the case to the jury without making any objection, or taking an appeal from the orders overruling their motions to dismiss the appeal from the probate court. In *McLeran* v. *Shartzer*, 5 Cal. 70, Mr. Justice HEYDENFELDT says: " It is unnecessary to decide whether the notice of appeal was in conformity with the statute. We have often determined that where the object of notice was accomplished it is immaterial whether there was notice or not. Where both parties appear, no notice whatever is necessary to be shown." The same principle is decisive of the objections of the appellants to the undertaking. When the appeal is taken *bona fide*, and not for delay, the appellate court will permit another undertaking to be filed in lieu of one which is defective. *Coulter* v. *Stark*, 7 Cal. 245.

We will take another view of the case. Have the appellants waived any rights in the court below? It has been held, that, on the motion for a new trial, the filing of a counter statement is a waiver of objections to the want of notice of the intention to move for a new trial. *Williams* v. *Gregory*, 9 Cal. 76. A judgment by default is waived by an attorney, who accepts service of a demurrer after the default has been taken. *Hestres* v. *Clements*, 21 Cal. 425. In *Gale* v. *Tuolumne W. Co.*, 14 Cal. 25, no answer to the complaint was filed, and the plaintiffs went to trial without asking for a judgment by default for the failure to answer. When the plaintiffs complained of this error on the appeal, the court said that " they took the chances, and if they had succeeded the defendants could not have objected to the result, and when they fail they must abide the judgment." The appellants took the chances in gambling for a verdict and failed, and cannot now take advantage of the irregularities which have been mentioned. *Warren* v. *Glynn*, 37 N. H. 340; *Richmond* v. *Tallmadge*, 16 Johns. 307. They do not attack the judgment, which has been rendered against them, and it is affirmed.

*Judgment affirmed.*