[Department One. — March 2, 1883.]

HAMILTON W. GRAY, APPELLANT, v. MATTHEW NUNAN, SHERIFF, ETC., RESPONDENT.

WRIT OF POSSESSION — HUSBAND AND WIFE. — It is the duty of the sheriff, under a writ of possession against the husband, to dispossess the wife found in possession, notwithstanding she may have instituted divorce proceedings prior to the commencement of the action for possession, if her only claim to the property is such as she has by reason of her marital relations.

PRACTICE — NEW TRIAL — NOTICE OF MOTION — PRESUMPTION. — Respondent objected on appeal to the consideration of the statement on motion for new trial, because no notice of intention to move for new trial was filed or served. The transcript contained a stipulation giving plaintiff further time within which to serve his statement, and when it was served on defendant's attorney, the latter, in acknowledging its receipt, reserved the right to object that it was not served in time, but at no time in the court below objected to its settlement or consideration on the ground that proper notice of intention to move for a new trial had not been given. The court below, in denying the motion, did not proceed upon the supposed want of notice of intention, but upon the determination of the question presented by the motion itself. *Held,* that it would be presumed the court below found that proper notice was given, or that defendant had waived the objection.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*William Reade,* for Appellant.

The evidence is insufficient to justify the verdict.

No evidence was introduced or offered to prove any title in Jane Canavan, except such as she derived as the wife of James under the lease to him.

The mere pending of divorce proceedings does not change the relations of husband and wife so as to confer upon the wife an interest in the realty, or create a distinct title and possession from the husband.

Wife cannot set up adverse possession during coverture. (*Frink* v. *Alsip*, 49 Cal. 104; *Lord* v. *Hough*, 43 Cal. 581; *Van Maren* v. *Johnson*, 15 Cal. 308.)

The possession of premises occupied by husband and wife, which is either common property or the separate property of the husband, is deemed in law to be in the husband. (*Bernal* v. *Gleim*, 33 Cal. 675.)

A judgment in unlawful detainer is sufficient authority to put out any member of his (defendant's) family. (*Saunders* v. *Webber*, 39 Cal. 287.)

*M. C. Hassett*, for Respondent.

Ross, J.—Objection is made to the consideration of the statement on motion for a new trial, because, as is said, no notice of intention to move for a new trial was filed or served. We find in the transcript a stipulation on the part of defendant, giving the plaintiff further time within which to serve his statement on motion for new trial; and when the statement was served on defendant's attorney, the latter in acknowledging its receipt, reserved the right to object that the statement was not served in time, but at no time in the court below objected to the settlement or consideration of the statement on the ground that proper notice of intention to move for a new trial had not been given. The court below, in denying the motion, does not appear to have proceeded upon the supposed want of notice of intention, but upon the determination of the questions presented by the motion itself. We must presume, therefore, that the court below found that proper notice was given, or that defendant had waived the objection.

The action is against the defendant, as sheriff, for his failure to execute a writ of possession issued on a judgment rendered in

one of the late County Courts in favor of the plaintiff, and against one James Canavan. The writ was placed in the hands of the sheriff by the plaintiff on the 18th of October, 1877, together with his fee for its execution. It appears that Canavan was not personally in possession of the property when the judgment was rendered, nor when the writ was placed in the hands of the sheriff, nor was he there in person at any time afterwards; but his wife was; and the sheriff refused to dispossess her under the writ for the reason that prior to the judgment on which the writ was based, Mrs. Canavan had instituted a suit for a divorce from her husband, and was at the time of the rendition of the judgment and the issuance of the writ in possession of the property. On this state of facts the court below instructed the jury: —

"In this case, if you are satisfied that prior to the rendition of this judgment in the County Court the wife was in possession of that property, and had commenced an action of divorce against the husband, which involved that very property, then she was holding adversely to him and would not be bound by this writ, and the writ could not be executed against her; but, on the contrary, if you find from the testimony they were living there as husband and wife, or that she entered under the husband subsequent to the rendition of the judgment or the commencement of the action in the County Court, then she would be liable to the writ and should be removed; in other words, if she was holding there adversely to the husband at the time this action was commenced in the County Court, if she had commenced her action of divorce prior to that time, and was holding adversely to him, then it was the duty of the sheriff not to execute the writ of assistance against her, and he would not be liable."

This instruction was erroneous. There was no testimony introduced tending to show any right to the property on the part of Mrs. Canavan, except such as she may have had by reason of her marital relations with the defendant in the writ. Under the writ against the husband the wife should have been dispossessed. (*Saunders* v. *Webber*, 39 Cal. 287.)

Judgment and order reversed and cause remanded for a new trial.

McKinstry, J., and McKee, J., concurred.

Hearing in Bank denied.