[No. 9669. Department One.—August 19, 1885.]

FRANCIS COX, APPELLANT, *v.* J. H. WOODS, ADMINISTRATOR OF THE ESTATE OF DIGGORY HOBBS, DECEASED, RESPONDENT.

EQUITY—REFORMATION OF WRITTEN INSTRUMENT—MISTAKE—EVIDENCE.—A written instrument will not be reformed by a court of equity on the ground that there was a mistake in drafting it, unless the evidence of such mistake is clear, satisfactory, and free from reasonable doubt.

APPEAL from a judgment of the Superior Court of the county of Sacramento.

The action was brought to reform a promissory note, and for judgment thereon as reformed. The remaining facts are stated in the opinion.

*D. E. Alexander*, and *Jay R. Brown*, for Appellant.

*J. C. Tubbs*, for Respondent, cited *Wachendorf* v. *Lancaster*, 61 Iowa, 509; *Bishop* v. *Clay Fire Ins. Co.* 15 Rep. 432; *Clay* v. *Currier*, 17 Rep. 683; Willard's Eq. Jur. p. 64.

BELCHER, C. C. — Before a written instrument can be reformed, on the ground that there was a mistake in drafting it, the evidence that there was a mistake should be clear, satisfactory, and free from reasonable doubt. (*Wachendorf* v. *Lancaster et al.*, 61 Iowa, 509.)

The power of courts of equity to reform written instruments is one in the exercise of which great caution should be observed. To justify the court in changing the language of the instrument sought to be reformed, in the absence of fraud, it must be established that both parties agreed to something different from what is expressed in the writing, and the proof upon this point should

be so clear and convincing as to leave no room for doubt. (*Mead* v. *Westchester Fire Ins. Co.* 64 N. Y. 455. See also *Gillespie* v. *Moon,* 2 Johns. Ch. 585; *Hearne* v. *Marine Ins. Co.* 20 Wall. 490.)

In this case the proof was not clear and satisfactory to the court below that any mistake was made in drawing the note sued on. As written, it bore "interest at one per cent per annum," and it was claimed that the word "annum" was written by mistake in place of the word "month." The only witness called to prove the mistake was Nichols, who wrote the note. In his examination in chief he said: "The way I understood it the understanding was one per cent—twelve per cent per annum; that is what I paid Cox—what I took it for. I did not notice that the word 'annum' was in the note." In his cross-examination he first said: "The rate of interest was twelve per cent, one per cent per month." But when asked if he read the note to Mr. Hobbs and Mr. Cox after he had drawn it up, he said: "Yes, I called Mr. Cox's attention particularly to the word 'annum' in the note, and the agreement between him and Hobbs was one per cent."

This was all the testimony introduced upon the subject, and it certainly did not make the plaintiff's case so clear and convincing as to leave no room for doubt.

The last question to the witness was objected to by the plaintiff as irrelevant and immaterial, but we think there was no error in overruling the objection.

The judgment should be affirmed.

Searls, C., and Foote, C., concurred.

The Court.— For the reasons given in the foregoing opinion the judgment is affirmed.