[No. 8589.    In Bank. — November 30, 1885.]

## THE HIBERNIA SAVINGS AND LOAN SOCIETY, RESPONDENT, *v.* CHARLES C. MOORE ET AL. MARY A. MOORE, APPELLANT.

PRACTICE — NEW TRIAL — IRREGULARITY — WAIVER. — A notice of intention to move for a new trial stated that the motion would be made upon affidavits as to certain grounds, and upon a statement of the case as to other grounds. No affidavits were made or filed, but a statement was prepared, settled, and certified in due form, and on this statement the motion was heard and decided without objection. *Held*, that any irregularity in the proceedings on the motion was waived, and could not be taken advantage of for the first time on appeal.

ID. — FINDINGS — AUTHORITY OF AGENT. — Upon an issue as to whether one of the defendants had authority to execute a note and mortgage in the name of another as her attorney in fact, a finding that the note and mortgage *purported* to be executed in the name of the latter by the

former as her attorney in fact, and that he *assumed* to be authorized to execute the note and mortgage, is not a sufficient finding of fact.

Id. — On a review of the evidence, *held,* that certain findings were not sustained by it.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Shafter, Parker, & Waterman,* for Appellant.

*Tobin & Tobin,* for Respondent.

McKee, J.—The action in hand was brought for the recovery of a money judgment, and foreclosure of a mortgage upon real property, alleged to have been given by the defendants Charles C. Moore and his mother, Mary A. Moore, to the Hibernia Savings and Loan Society as security for the payment of fifty-seven thousand five hundred dollars, money borrowed by the defendant Charles.

Part of the mortgage premises is a parcel of land in the city and county of San Francisco, which belonged to the defendant Mary, as her sole and separate estate. In her answer to the complaint, she avers that the note and mortgage were given by her son to secure payment of money borrowed by him from the plaintiff, to pay his own existing, antecedent, private, personal, and separate indebtedness, and not for her use or benefit, or for or on her account; and she denies that she signed either of said documents, or that she was personally present, or in any way a party to the transaction between the plaintiff and her son in which they were given; or that she authorized him to sign her name to the note or mortgage. On the contrary, she avers that he had no authority to sign her name to the note, or in her name to execute the mortgage upon her separate property for the money borrowed for his individual purposes, and this was well known to the plaintiff when it loaned him the money

and received from him his note and mortgage as security for its repayment.

On the trial of the issues framed by the complaint and answer, the court decided that the plaintiff was entitled to recover against the defendant Charles upon the promissory note, and against the defendants Charles and Mary to a decree for the sale of the mortgaged property, including the separate property of the defendant Mary, to satisfy the judgment; and from the decree and an order denying her motion for a new trial the defendant Mary appeals.

The grounds of the motion for a new trial were, that the evidence was insufficient to justify the decision, that the decision was against law, and that errors of law had occurred at the trial to which exceptions were taken.

The motion itself was made upon a statement of the case.

The contention is made that this statement must be disregarded, because the notice of motion designated as grounds of the motion: 1. Surprise; 2. Newly discovered evidence; 3. Insufficiency of the evidence to justify the decision; 4. The decision was against law; and 5. Errors of law; and that the motion would be made upon affidavits as to the first, second, and third grounds, and upon a statement of the case as to the fourth and fifth grounds. But there was no affidavits made or filed. The motion was made upon a prepared statement, to which amendments were proposed, and the same was settled and certified according to law, without any objection taken, or right reserved to object thereafter, to any irregularity in the proceeding leading up to or in connection with the settled statement; and the motion was heard and decided upon the statement without any objections of irregularities. Any irregularity in the proceeding upon the motion was, therefore, waived (*Hobbs v. Duff*, 43 Cal. 486; *Gray* v. *Nunan*, 63 Cal. 220); and cannot be availed of for the first time in this court.

In connection with the judgment roll in the case, the statement constitutes the record on appeal from the order denying the motion for a new trial, upon which the case in this court is to be reviewed.

The first ground of the motion is that the evidence does not justify the decision.

The "decision" includes not only the conclusions of law, but the facts found (Civ. Code Proc., sec. 633), and a notice of intention to move for a new trial, which designates as ground of the motion that the evidence does not warrant the decision, is the equivalent of the expression that the evidence is insufficient to support the findings. (*Donohoe* v. *Mariposa Co.*, 67 Cal. 317.) The question therefore arises, Does the evidence support the findings of fact and conclusions of law against the appellant Mary?

It is admitted that she was not, in person, a party to the transaction in which the note and mortgage were given by the son. At the time of the transaction she resided in the state of New York, and had not been "for many years in California." Personally, therefore, she did not sign the note or execute or deliver the mortgage. But the court finds,—

1. That the note and mortgage purport to be executed by said Mary Adams Moore by Charles Carroll Moore, her attorney in fact; that said Charles Carroll Moore, in so executing said note and mortgage as her attorney in fact, assumed and claimed to be authorized to do so under and by virtue of a power of attorney made to him by the said Mary, on the 22d of October, 1864, which by its terms constituted and appointed him her attorney in fact for her and in her name to take charge and possession and con- of all real estate belonging to her in the said city and county, and to mortgage and convey the same as he might see fit.

2. That this power of attorney authorized him to execute and deliver the mortgage, in the name of Mary A.

Moore, and as her act and deed; and that under it he did sign her name to the note and mortgage, "in pursuance of said authority."

3. That the moneys for which the note and mortgage were given were borrowed by the defendant Charles for the use and benefit of the defendant Mary, and for and on her account, and were *not* borrowed by him for the purpose of paying, and were not used to pay, the existing, or antecedent, or private, or personal, or separate indebtedness, or any indebtedness, of said defendant Charles.

"That plaintiff had no notice at the time said loan was made, or at the time of the execution or of the delivery of said note and mortgage, . . . . or at any time or at all, that said sum of money was borrowed for the purpose of paying, or was used to pay, the antecedent, or private, or personal, or separate indebtedness, or any indebtedness, of said Charles Carroll Moore; and that at the time of the execution of said note and mortgage, . . . . the piece of land eighthly described in said amended complaint was, and had been long prior thereto, and still is, the sole and separate estate of said Mary Adams Moore."

The conclusion drawn by the court from its finding is, that the plaintiff is entitled to judgment against the defendant Charles only for the amount of the principal and interest due upon the note, and judgment against him only was given and entered. This conclusion is not legally drawn from the fact, as found by the court, that the money for which the note and mortgage were given was borrowed solely for and on account of the defendant Mary. The fact and the conclusion are contradictory of each other.

Besides, the finding that the note and mortgage *purport* to be executed in the name of Mary by Charles, as her attorney in fact, who in executing them *assumed* to be authorized to execute them under the power of attorney, is not a finding of fact in a judicial sense. It is merely the expression of what appears on the face of the

note and of the mortgage, as described in the pleadings. What appears needed no finding. The issue joined was, whether the signature of Mary to the note and the execution of the note and mortgage were acts authorized to be done for her and in her name by her son, as her authorized agent and attorney in fact. To say that he *assumed and claimed* to act for her is an equivocal finding as to authority to do the acts which were done upon that assumption.

The finding that the money was borrowed for the use and benefit of Mary, and not for the individual purposes of Charles, is not sustained by the evidence.

Upon that issue, the evidence consisted of the testimony of Charles and of the attorney for the plaintiff. The first testified: "I borrowed the sum of $57,500 for my sole use and benefit. Of it, $50,243.91 was paid to take up prior mortgages made by me upon my own property to the French Savings Bank. . . . . The amount of those mortgages was paid by plaintiff's attorney in a check to the French Savings Bank. . . . . The balance I received and used for my own personal expenses. . . . . My mother had no interest in the $57,500 so borrowed by me."

To this testimony there was no counter-evidence. In his testimony, the attorney of the plaintiff admits that Charles, to whom the loan was made, borrowed the money to pay off his indebtedness to the French Bank. He says: "He (Charles) told me that he was going to use part of it, as I remember now, to pay off a debt that was due to the French Bank, and the balance he was going to use in connection with other business; and inasmuch as there would be a surplus, after paying the French Bank, of about seven thousand dollars, why, it would come very near being the exact amount for which Mrs. Moore's lot was taken as security, and which, *I may have supposed at the time*, she was going to use." In addition, he showed that, at the time of the transaction, he made

the following memoranda upon Charles's application for the loan, viz.: "Amount of loan finally granted by the board, $57,500, February 1, 1878. Deduct for check, $50,243.91, February 16, 1878. Pay bal."; and that upon those memoranda the money was in fact paid out for and on account of said Charles.

Knowing that the money borrowed by the defendant Charles was for his individual purposes, the plaintiff must have known that the act was not within the scope of the power of attorney from his mother, for which he could legally bind her. (Civ. Code, secs. 2319, 2315, 2019.)

The decree against the defendant Mary A. Moore, and the order denying her motion for a new trial, are reversed, and the cause remanded for further proceedings.

MYRICK, J., MORRISON, C. J., and THORNTON, J., concurred.

Rehearing denied.