[No. 14470.   In Bank. — October 2, 1891.]

A. W. SIMPSON ET AL., PETITIONERS, *v.* JOSEPH H. BUDD,' AS JUDGE OF THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, RESPONDENT.

NEW TRIAL — NOTICE OF INTENTION — BILL OF EXCEPTIONS — STIPULATION EXTENDING STATUTORY TIME — FILING OF STIPULATION. — The statutory time for giving notice of intention to move for a new trial, and for the preparation of bills of exception, may be extended by stipulation of counsel; and such stipulation has effect without an order of court ratifying the same, although the stipulation was not filed within the statutory time for giving the notice and for preparing and serving the bill of exceptions.

ID. — STATUTORY RIGHT — WAIVER OF STATUTORY PROVISIONS — CONSENT OF PARTIES. — Though the right to move for a new trial is statutory, and does not exist if the prescribed steps are not taken within the time allowed by statute, as against a party who stands upon the statute and insists upon a strict compliance therewith, yet the time for every step to be taken in relation thereto may be waived or extended by consent of the parties.

ID. — CONSTRUCTION OF CODE — AUTHORITY OF ATTORNEY — TIME FOR FIL-
ING OF WRITTEN AGREEMENT. — The service and filing of a notice of
motion for a new trial and a proposed bill of exceptions are steps in an
action, within the meaning of section 283 of the Code of Civil Procedure,
providing that an attorney may bind his client in any of the steps of
an action or proceeding by his written agreement filed with the clerk
or entered on the minutes; and a stipulation extending the time of filing
such papers is filed in time if it is on file, with the consent of the adverse
attorney, when the court is called upon to act upon the matter affected
by the stipulation.

ID. — LIMITATION OF POWER TO EXTEND TIME. — Section 1054 of the Code
of Civil Procedure does not limit the authority of attorneys as prescribed
by section 283 of the same code, nor prescribe the exclusive mode by
which the time for giving notices or the service of proposed statements
or bills of exception may be extended, but only imposes a limitation
upon the power of the court to extend such time without the consent of
the adverse party.

APPLICATION to the Supreme Court for a writ of *manda-mus* to the judge of the Superior Court of San Joaquin County.   The facts are stated in the opinion of the court.

*Nicol & Orr*, and *Carter & Smith*, for Petitioners.

*Joseph H. Budd, in pro. per.*, and *F. T. Baldwin*, for Respondent.

DE HAVEN, J. — Application for a writ of mandate.

In an action by Simpson and Gray, the petitioners herein, against Peyton et al., tried in the superior court of San Joaquin County, the findings of the court were filed, and judgment thereupon rendered, and entered December 22, 1890, against said petitioners.  It does not appear that any notice of the decision was ever served upon petitioners, but on January 2, 1891, a stipulation was filed in said court which shows they had actual knowledge at that date of the rendition of the judgment, and for the purposes of this decision it will be assumed that they had notice thereof at that time.  Five days thereafter, the attorneys for the defendants in that action signed and delivered to the attorneys of the petitioners a written stipulation by which it was stipulated and agreed that the petitioners here should have thirty days from the date thereof " within which to prepare, serve,

and file a bill of exceptions, notice of motion for a new trial, and statement on motion for a new trial." This stipulation was not filed with the clerk of the court until April 15, 1891, nor was there any order of the court, or of the judge thereof, extending the time within which the acts named in the stipulation might be done. The notice of motion for a new trial was filed and served within the time given by the stipulation; and within ten days thereafter, to wit, on February 14, 1891, the petitioners prepared and served a proposed bill of exceptions, and the defendants in that action prepared amendments thereto, and the same afterwards came before the respondent for settlement. No objection was made by the attorneys for the defendants to the settlement of the bill of exceptions, for the reason that the notice of motion was not given in time, but objection was made to such action upon the ground that the copy of said notice served upon them was not signed by the attorneys for petitioners.

The respondent refused to settle the bill of exceptions upon the ground that the notice of intention to move for a new trial was not served and filed in time, and that the proposed bill of exceptions was not prepared and presented in time.

Upon these facts, the only question for decision is, whether the statutory time for giving notice of intention to move for a new trial, and the preparation of bills of exception, can be extended by a stipulation of counsel not filed within the statutory time; and of this we entertain no doubt.

An attorney has authority to bind his client in any of the steps of an action or proceeding by his agreement in writing filed with the clerk or entered upon the minutes of the court. (Code Civ. Proc., sec. 283.) The service and filing of notices of motion for a new trial and proposed bills of exception are steps in an action within the meaning of this section, and the stipulation is filed in time if it is on file, with the consent of the adverse attorney, when the court is called upon to act upon the matter affected by the stipulation.

Section 1054 of the Code of Civil Procedure does not limit the authority of attorneys as given by section 283 of the same code, nor prescribe the exclusive mode by which the time for giving notices, or the service of proposed statements or bills of exception, may be extended, but it only imposes a limitation upon the power of the court to extend such time without the consent of the adverse party.

It is undoubtedly true, as has often been decided by this court, that the right to move for a new trial is statutory, and unless the prescribed steps are taken within the time allowed, the right does not exist as against a party who stands upon the statute and insists upon strict compliance with every provision of the law relating thereto and intended for his benefit; but it has never been held that such provisions may not be waived by the party otherwise entitled to claim their benefit. On the contrary, it has been assumed in many cases, if not directly decided, that the time for giving notice of motion for a new trial, as well as for every other step to be taken in relation thereto, may be waived or extended by consent. (*Hobbs* v. *Duff*, 43 Cal. 485; *Brichman* v. *Ross*, 67 Cal. 602; *Patrick* v. *Morse*, 64 Cal. 462; *Gray* v. *Nunan*, 63 Cal. 220; *Schieffery* v. *Tapia*, 68 Cal. 184; *Curtis* v. *Superior Court*, 70 Cal. 390.)

We are of the opinion that the parties may, within the time allowed by law to give notice of intention to move for a new trial, stipulate that the time for giving such notice may be extended, and that such stipulation has effect without any order of the court ratifying the same. The question in such cases is one which most immediately concerns the parties to the action, and attorneys may be safely intrusted to look after the rights of their respective clients in such matters.

Peremptory writ of mandate ordered.

SHARPSTEIN, J., HARRISON, J., PATERSON, J., GAROUTTE, J., and BEATTY, C. J., concurred.