[Civ. No. 426. First Appellate District.—March 12, 1908.]

## F. M. BERRYMAN, Respondent, v. A. GIBSON, Appellant.

UNLAWFUL DETAINER—SUFFICIENCY OF COMPLAINT—CHANGE IN TERMS OF VERBAL LEASE—DIFFERING STATEMENTS.—The complaint in an action of unlawful detainer brought by a lessee for two years against a prior tenant under a verbal monthly tenancy is not rendered insufficient to state a cause of action because it avers that the former verbal rental was $35 per month, and also avers a notice increasing the monthly rental to the sum of $150 per month, which was not paid, after demand, in which the prior rental was stated at $40 per month.

ID.—MAIN OBJECT OF NOTICE.—The main object of the notice was to increase the monthly rent, the failure to pay which, after proper demand, constituted the cause of action.

ID.—APPEAL—ABSENCE OF EVIDENCE FROM RECORD—PRESUMPTION.— Upon appeal by the defendant from a judgment for the plaintiff, where no evidence is set forth in the record to show what was in fact the amount of the prior verbal rental, changed by plaintiff's notice to the larger sum, it must be presumed in favor of the judgment that the evidence showed, or that it was stipulated, that the prior rental was in fact $40, as stated in such notice, and that the amount was erroneously stated in the complaint.

ID.—FORM OF DEMAND FOR RENT—THREE DAYS' NOTICE NOT REQUIRED TO BE SPECIFIED.—A demand by the plaintiff in writing that the defendant pay the increased amount of rental for the ensuing month or months, stating the amount of rent due, and demanding that defendant pay the same or deliver up the possession of the premises, is sufficient in form, and is not required by the statute to state in terms that the rent must be paid within three days.

ID.—STATUTE TO BE READ WITH NOTICE.—The statute fixes the period of three days, and is to be read in connection with the notice; and when the period of three days has expired, the tenant has had notice for three days, which is in substance three days' notice in writing.

ID.—CONTENTS OF PLAINTIFF'S LEASE NOT REQUIRED TO BE STATED.—It was unnecessary that the plaintiff should set forth in the complaint the contents of the lease that he had acquired from the owner of the

property. The lease alleged was in effect a conveyance from the owner to the plaintiff for the purposes stated for the term of two years.

ID.—RIGHTS OF LESSEE.—The lessee for years had the right to terminate the monthly tenancy of the prior tenant, or to change the terms of such tenancy by a proper notice in writing to that effect.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

H. Jones, for Appellant.

Andrew Thorne, for Respondent.

COOPER, P. J.—This is an action of unlawful detainer. The case was tried before the court, and findings were filed, in which judgment was directed to be entered for plaintiff. The defendant prosecutes this appeal from the judgment on the judgment-roll alone.

In such case we cannot examine the sufficiency of the evidence to support the findings, nor the rulings of the court in the admission or exclusion of evidence.

It is contended, however, that the complaint does not state facts sufficient to constitute a cause of action, and that the defendant's demurrer to the complaint should have been sustained. In appellant's brief the reasons are pointed out why the complaint is claimed to be insufficient.

It is first claimed that the notice served August 10, 1906, changing the terms of the lease so as to make the rent on and after September 1, 1906, $150 per month instead of the sum of $40, "as heretofore paid by you," was not sufficiently certain, because the complaint alleges that the rent under the prior verbal lease was $35 per month.

There is no merit in the contention. If the verbal lease was at $35 per month the defendant knew it, and the error in the statement did not tend to mislead or injure him in any way or in any manner. He was informed by the notice that the terms of his lease were to be changed, so that his rent from the time named in the notice would be $150 per month. The object of the notice was to change the amount of monthly rental which defendant had been paying, and the

defendant was informed by the notice of such change. Not only this, but there is nothing in this record to show that the prior rent was not $40 per month. The complaint may have erroneously stated that it was $35 per month, and the evidence may have shown, or the parties may have stipulated, on the trial, that it was $40 per month. We must presume that such was the case in favor of the judgment, as all presumptions are in favor of the regularity of the judgment.

On September 4, 1906, the plaintiff served a demand in writing upon defendant, demanding payment of the rent for the month of September, stating the amount due, and demanding that defendant pay the same or deliver up possession of the premises; and in October, 1906, a like demand was made for both the September and October rent. It is argued that the above notices were defective for the reason that they did not notify the defendant that he had three days' time in which to pay the rent. The code provides (Code Civ. Proc., sec. 1161) that a tenant is guilty of unlawful detainer when he continues in possession "after default in the payment of rent pursuant to the lease or agreement under which the property is held and three days' notice in writing requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him." This action was not commenced until October 15, 1906; and it is alleged that the defendant neglected and refused for the space of three days after each of said demands to either surrender possession of the said premises or to pay the rent due. It is not necessary that the notice or demand specify the three days. Demand in writing must be made, the amount of rent due must be stated, and the payment thereof required. Then after such demand, if the tenant, without the permission of his landlord, remains in possession without paying his rent for three days, he has had three days' notice in writing. The statute fixes the period of three days, and it must be read in connection with the notice; and when the period of three days has expired the tenant has had notice for three days, which is in substance three days' notice in writing.

While the statutory requirements must be observed, and no one thing required dispensed with, yet the law regards the substance and not the shadow. The notice required by

the statute need not be in any particular form. It may be deficient in spelling or in grammatical construction; but if it states the thing required by the section in plain language so that a person of ordinary understanding would know what is intended it is sufficient.

The case cited by counsel (*Martin* v. *Splivalo*, 56 Cal. 128) does not hold that the notice shall state anything about the three days, and we are aware of no case that does so hold.

It was not necessary for the contents of the lease of the premises from the owner to the plaintiff to be set forth in the complaint. The complaint sufficiently states that the owner had made, executed and delivered to plaintiff a written lease of the premises for the term of two years from the first day of August, 1906. This was a conveyance for the purposes set forth in the instrument for the term of two years. It was incumbent upon plaintiff to show that he was the successor in interest of the owner. This he did by alleging that he procured a written lease from the owner for the period of two years. He had the right to change the terms of defendant's monthly tenancy, or to terminate it. He served notice upon defendant twenty days before the expiration of the month. Defendant of his own volition remained in possession, and he must suffer the penalty.

The judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 11, 1908.