[Civ. No. 762.   First Appellate District.—October 7, 1910.]

## A. GIBSON, Appellant, v. F. M. BERRYMAN, Respondent.

ACTION TO ENJOIN JUDGMENT AFFIRMED UPON APPEAL—ALLEGED WANT OF JURISDICTION—RIGHT TO JUDGMENT—STIPULATED NEW TRIAL—ESTOPPEL.—In an action to enjoin defendant from enforcing a judgment for $900 rendered in his favor in an action for unlawful detainer against the plaintiff (which was affirmed upon appeal to this court), for alleged want of jurisdiction to render the judgment on a stipulated new trial, after the right of new trial was lost, where it appears that at the time of the stipulation defendant was already

entitled to a judgment for $900, on the findings of fact and con-
clusions of law, and by the stipulation plaintiff obtained the right
to a new trial, on which the same judgment was again rendered,
the plaintiff, as appellant, should not be heard to complain that there
was no jurisdiction to render the judgment on the stipulated new
trial.

ID.—NEW TRIAL—WAIVER OF NOTICE OF INTENTION—STIPULATION GIV-
ING JURISDICTION.—It is well established that a notice of intention
to move for a new trial may be waived. Both parties, by the stipu-
lation for a new trial, waived notice of intention to move for a new
trial, and the court, upon said stipulation, had jurisdiction to make
the order granting the new trial.

ID.—UNTENABLE ATTACK ON JUDGMENT FOR FRAUD.—An attack on the
judgment for fraud and collusion of plaintiff's attorney with de-
fendant and his attorney in obtaining it is not tenable where plain-
tiff's attorney appears to have acted in entire good faith with his
client, and there is nothing to indicate that any fraud was prac-
ticed upon the plaintiff or the court, or that there was any act of
collusion or fraud on the part of defendant or his attorney in obtain-
ing the judgment complained of.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, for Appellant.

Earll H. Webb, and Andrew Thorne, for Respondent.

HALL, J.—This is an appeal from a judgment against
plaintiff, taken in accordance with sections 953a, 953b and
953c, Code of Civil Procedure.

The action was brought to obtain a decree enjoining de-
fendant from enforcing a judgment for $900, obtained by
defendant herein against plaintiff herein in an action of
unlawful detainer.  An appeal was taken to this court by
the plaintiff herein, from the judgment in the action of *Ber-
ryman* v. *Gibson,* and the judgment was affirmed.  (7 Cal.
App. 679, [95 Pac. 671].)

By this action it is sought to enjoin the enforcement of
such judgment, upon the grounds, first, that the court was
without jurisdiction to render the judgment, and second, that
said judgment was obtained through fraud and collusion be-

tween Berryman, and the respective attorneys of the plaintiff and defendant in the action of *Berryman* v. *Gibson.*

As to the want of jurisdiction, it appears that the action of *Berryman* v. *Gibson* was tried, and resulted in the court making and signing findings of fact and conclusions of law. By the findings of fact it appeared that Berryman was entitled to a judgment for $900, being treble the amount of rent due and unpaid. The court, however, directed judgment for $80, and the judgment was entered in favor of Berryman for such amount. In due time the plaintiff in that action moved to vacate said judgment, and to amend the conclusions of law so that the same might conform to the findings of facts. After hearing and argument by the attorneys for both parties the court granted the motion to vacate the judgment and to amend the conclusions of law, and ordered that the cause be set down for a new trial. Subsequently, on the next day, an order was filed signed by the judge of the court, amending the conclusions of law to the effect that plaintiff (therein) was entitled to judgment for $300 for rent, and that the same be trebled, and ordered judgment entered accordingly.

On this condition of the record the attorneys, on the eighteenth day of February, 1907, signed a stipulation to the effect that a new trial might be granted, and that an order granting such new trial might be entered. This stipulation was filed March 1, 1907, and thereupon the court entered an order upon such stipulation, granting a new trial.

No notice of intention to move for a new trial had been given by either party, and the time for giving such notice had expired. The cause came on for a new trial, and both parties appearing it was partly tried, and after various continuances, some regular and some irregular, it was called for trial on a certain date, and plaintiff (therein) appeared, but defendant (therein) not appearing, judgment was ordered for plaintiff. There is evidence sufficient that the attorney for defendant (therein) had notice that the trial was set for the date upon which it was concluded. In fact, he appeared in court a few minutes after judgment was ordered against his client (plaintiff herein).

The contention of appellant is that without any notice of intention to move for a new trial, the court had no jurisdiction to make the order granting the new trial, notwithstand-

ing the stipulation of the attorneys, and that, for that reason, the judgment which was subsequently rendered and affirmed on appeal (7 Cal. App. 679, [95 Pac. 671]) was and is void.

It is manifest that when the stipulation was entered into and when the order was entered, the record was in such shape that plaintiff in that action was entitled to a judgment against defendant therein for $900. By the stipulation and order Gibson obtained the advantage of a new trial.

It is well established that notice of intention to move for a new trial may be waived. (*Williams* v. *Gregory,* 9 Cal. 76; *Gray* v. *Nunan,* 63 Cal. 220; *Hobbs* v. *Duff,* 43 Cal. 485; *Calderwood* v. *Brooks,* 28 Cal. 151; *Schiefferly* v. *Tapia,* 68 Cal. 185, [8 Pac. 878]; *Hibernia S. & L. Soc.* v. *Moore,* 68 Cal. 156, [8 Pac. 824].) If the new trial had not been granted on the stipulation, Berryman would have been entitled on the findings of fact and the conclusions of law as they then stood to a judgment against Gibson for $900. Gibson took advantage of the order which was entered with the consent of his attorney, and should not now be heard to complain. (*Meerholz* v. *Sessions,* 9 Cal. 277; *Brotherton* v. *Hart,* 11 Cal. 405; *Erlanger* v. *Southern Pac. R. R. Co.,* 109 Cal. 395, [42 Pac. 31].) Both parties, by the stipulation, waived notice of intention to move for a new trial, and the court upon said stipulation had jurisdiction to make the order.

We have carefully read all the evidence in the record, and find nothing to support the contention that any fraud was practiced upon appellant or the court. Appellant's attorney in the case of *Berryman* v. *Gibson* seems to have acted in entire good faith with his client, and there is nothing to show any act of collusion or fraud upon the part of Berryman or his attorney. The findings of the court upon the question of fraud are fully supported by the evidence.

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 2, 1910.