[No. 19012.    Department Two. — February 14, 1893.]

GEORGE A. RALPHS, EXECUTOR, ETC., RESPONDENT, v. MRS. L. E. HENSLER ET AL., APPELLANTS.

MORTGAGE BY ATTORNEY IN FACT — AGENCY — RATIFICATION — EVIDENCE — ADMISSION OF ANSWER — FINDING — EXECUTION OF MORTGAGE. — In an action to foreclose a mortgage executed by an attorney in fact under a power of attorney which was objected to as not conferring authority to execute the notes and mortgage, an admission by the alleged mortgagor in her answer, and proof by deposition of the attorney in fact, that she authorized the procurement of an agreement with the mortgagee by the attorney in fact, as her agent and on her behalf, for the extension of time for the payment of the mortgage, is, in the absence of evidence that she ever repudiated the execution of the notes or mortgage by her assumed agent, *prima facie* evidence of her ratification of the ex-

ecution of the notes and mortgage, and is sufficient to support a finding that she executed the notes and mortgage.

ID. — AUTHORITY OF AGENT — EFFECT OF RATIFICATION. — The ratification, by the principal, of the acts of his agent is equivalent to original authority to perform the acts.

ID. — IMPLIED RATIFICATION. — Ratification of the acts of an agent is implied whenever the acts and conduct of the principal, having full knowledge of the facts, are inconsistent with any other supposition than that of previous authority, or an intention to abide by the act, though it was unauthorized. It is not essential that it be shown that there was assent to and confirmation of the transaction expressed in words.

ID. — RELATIONS OF PARTIES. — In determining whether there has been a ratification by a principal of the act of the agent, the relations of the parties are important to be considered.

ID. — EVIDENCE — AGENCY — RATIFICATION — DEFECTIVE POWER OF ATTORNEY. — A power of attorney from the alleged mortgagor to the agent, which shows that he was authorized to act as her attorney in fact, to some extent, in regard to all her real property in this state, even if it is not sufficiently specific to authorize the execution of the notes and mortgage in suit, is admissible in evidence as a circumstance tending at least to strengthen other evidence of a ratification, by showing the relations between the alleged mortgagor and her agent.

EVIDENCE — JUDICIAL NOTICE — RECORDS IN FORMER PROCEEDINGS — QUALIFICATION OF EXECUTOR — FINDING WITHOUT EVIDENCE. — A court will not take judicial knowledge of the contents of its records in former actions or proceedings; and findings, without the introduction of evidence to sustain them, that a decedent, represented by the plaintiff as executor, died before the commencement of the action, that his will was admitted to probate, that letters testamentary were issued to the plaintiff, and that the plaintiff was qualified to act as executor, cannot be sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Willis & Appel,* for Appellants.

The power of attorney should be strictly construed, and the authority conferred should be confined to the particular acts authorized. (Story on Agency, sec. 68; *Johnston* v. *Wright,* 6 Cal. 375; *Billings* v. *Morrow,* 7 Cal. 175.) The power of the agent in this case must be ascertained alone from the language of the instrument, and the agent cannot bind the principal by any act beyond the power. (*Blum* v. *Robertson,* 24 Cal. 129.) The signature to the instruments shows that he signed them

as principal. It certainly cannot be held to be the act and deed of an agent for his principal. (*Hall* v. *Boyd*, 60 Cal. 446; *Fisher* v. *Salmon*, 1 Cal. 413; 54 Am. Dec. 297.) The instruments not purporting to have been executed by the alleged agent on behalf and in the name of the principal, they are void as the act and deed of the principal. (*Echols* v. *Cheney*, 28 Cal. 159; *Morrison* v. *Bowman*, 29 Cal. 338.) The finding of the official capacity to sue is not sustained by the evidence. It was necessary, in order to entitle the plaintiff to recover, that he should have proved such allegation. (*Halleck* v. *Mixer*, 16 Cal. 574; *Barfield* v. *Price*, 40 Cal. 535; *Crawford* v. *Neal*, 56 Cal. 321; *Judah* v. *Fredericks*, 57 Cal. 389.) The answer does not show upon its face a ratification of the acts of the alleged agent; but the allegations therein as to the extension of time must be confined to that separate defense, and must be construed to mean that if the alleged agent was in fact the agent of the defendant, then, by his acts and those of the mortgagee, the time had been extended for the payment of the notes. (*Dillon* v. *Center*, 68 Cal. 564; *Miller* v. *Chandler*, 59 Cal. 540.) The contention that the court could take judicial notice of the record establishing the death of the mortgagee, the admission of the will to probate, and the appointment of the executor cannot be sustained, as courts cannot take such notice. (*Baker* v. *Mygat*, 14 Iowa, 131; *Lake Merced Water Co.* v. *Cowles*, 31 Cal. 215; *Daniel* v. *Bellamy*, 91 N. C. 78; *People* v. *De la Guerra.* 24 Cal. 73; *Farrar* v. *Bates*, 55 Tex. 193.)

*John T. Jones*, and *Jones & Carlton*, for Respondent.

VANCLIEF, C. — Action to foreclose a mortgage on defendant Hensler's real property, given to secure the payment of three several promissory notes.

It is alleged in the complaint that the notes and mortgage were executed by defendant Hensler to Kimball Hardy in his lifetime (on July 9, 1887); that on or about February 16, 1889, Hardy died; that his will was

admitted to probate on March 12, 1889; that letters tes-
tamentary were duly issued to plaintiff on March 18,
1889; and thereupon, that the plaintiff duly qualified
and entered upon his duties as such executor.

By her answer, the defendant Hensler specifically
denied each of the above allegations.

Weed, who was made a party defendant on the ground
that he had or claimed some interest in the mortgaged
property, failed to answer, and his default was duly
entered.

The court found, upon all the issues, in favor of plain-
tiff, and decreed a sale of the mortgaged property in
the usual form, ordering that a judgment be docketed
against the defendant Hensler for any deficiency of the
proceeds of the sale to pay the amount found due on
the notes.

The defendant Hensler appeals from the judgment,
and from an order denying her motion for a new trial.

When the notes and mortgage were offered in evi-
dence, they were objected to by defendant on the ground
that they appeared to have been executed through the
agency of James P. McCarthy, as attorney in fact, being
signed as follows: "*Mrs. L. E. Hensler*, by her attorney
in fact, *James P. McCarthy.*" To prove the authority of
McCarthy, the plaintiff then offered the following in-
strument, the execution of which, in the state of New
York, was properly attested: —

"Know all men by these presents, that I, Mrs. L. E.
Hensler, of the state of New York, have made, consti-
tuted, and appointed, and by these presents do hereby
make, constitute, and appoint, James P. McCarthy, of
the city and county of Los Angeles, and state of Cali-
fornia, my true and lawful attorney, for me and in my
name, place, and stead, in all transactions of whatsoever
nature which may effect any property situate in the said
state of California which I may now hold, or which I
may hold at any time hereafter.

"Giving and granting unto my said attorney full
power and authority to do and perform all and every

act and thing whatsoever requisite and necessary to be done in and about the premises, as fully, to all intents and purposes, as I might or could do if personally present, and hereby ratifying and confirming all that my said attorney, James P. McCarthy, shall lawfully do or cause to be done by virtue of these presents.

"In witness whereof, I have hereunto set my hand and seal the nineteenth day of February, one thousand eight hundred and eighty-seven.

[Seal]                    "MRS. L. E. HENSLER."

This instrument was objected to on the ground that it conferred no authority to make the notes, nor to mortgage defendant's real property    To obviate this objection, the plaintiff claimed that the acts of McCarthy in making the notes and executing the mortgage had been ratified by defendant on the twenty-eighth day of December, 1888, and that such ratification was shown by the following paragraph of defendant's answer: —

"And for another, further, and separate defense to said action, defendant alleges, that prior to the commencement of this action, to wit, on December 20, 1888, Kimball Hardy, the deceased named in plaintiff's complaint, for a valuable consideration paid to him by James P. McCarthy, as agent of, and for and on behalf of, defendant, agreed to and with said McCarthy, for and on behalf of this defendant, that he would extend the time for the payment of the sum of money mentioned in said promissory notes and mortgage to May 1, 1890, upon payment to said party by said McCarthy, for and on behalf of this defendant, each two months after said agreement was executed, of the accrued interest on the said mortgage and notes, and which then and there amounted to $860, given, with said interest; that defendant is informed and believes that her said agent, James P. McCarthy, acting for her and on her behalf, has well and truly performed the conditions of said agreement and the terms thereof, for and on behalf of this defendant, and has fully paid and satisfied, as defendant is informed and believes, all of the said pay-

ments and interest within the time required to be paid in said agreement aforesaid; that by reason thereof the said notes and mortgage became due and payable on May 1, 1890, and after the commencement of the said action."

The court overruled defendant's objection, and admitted the power of attorney, notes, and mortgage as evidence; to all which the defendant excepted.

1. Appellant contends that the court erred in admitting the power of attorney, notes, and mortgage, and also contends that the finding that defendant executed the notes and mortgage is not justified by the evidence.

Conceding, without deciding, that the power of attorney was not sufficiently specific to authorize the execution of the notes and mortgage, yet defendant was not injured by the rulings of the court excepted to, if she had ratified the acts of McCarthy in executing the notes and mortgage, since such ratification was equivalent to original authority, and justified the finding that defendant executed the notes and mortgage.

I think the paragraph of defendant's answer above quoted, and the deposition of McCarthy to the same effect, substantially tend to prove the ratification claimed.

They show that, in the lifetime of Kimball Hardy, the defendant knew that the notes and mortgage had been executed and remained unpaid. In her answer, she alleges that "McCarthy, *as agent of, and for and on behalf of,* defendant," made a written agreement with Hardy, whereby he agreed to extend the time of payment "of the sums of money mentioned in said promissory notes and mortgage to May 1, 1890," on certain conditions; that, *as her agent and on her behalf*, McCarthy had performed those conditions; and "that, by reason thereof, the said *notes and mortgage became due and payable on* May 1, 1890, and after the commencement of the said action."

The alleged agreement is attached to McCarthy's deposition, and is as follows:—

"LOS ANGELES, CAL., Dec. 29, 1888.

"Received from James P. McCarthy, agent, the sum of fifty dollars, to apply on interest on mortgage of Mrs. L. E. Hensler, now all due; the said mortgage being given to secure balance of payment on the five acres sold James P. McCarthy off from my place on south side of Pico Street, 'Arlington Heights'; and for value received, to wit, above payment, I agree to extend time for the payment of the said mortgage to May 1, 1890, upon payment, each two months hereafter, of the accrued interest on said mortgage notes, now amounting to $860.00 balance.

[Seal]                          "KIMBALL HARDY.
"JAMES P. McCARTHY, witness."

There was no evidence tending to disprove the genuineness of this writing, or the signature of Hardy; but the testimony of McCarthy, that the interest had been paid, was disputed by the testimony of the plaintiff. But, for the purpose of the question now being considered (that of ratification), it is immaterial whether the defendant paid the interest or not; for whether she complied with the conditions upon which Hardy agreed to extend the time of payment or not, her averment, in her answer, that she authorized the procurement of the agreement for the extension of time, in the absence of evidence that she ever repudiated the execution of the notes or mortgage by her assumed agent, is, *prima facie,* sufficient evidence of her ratification of such execution. In *Taylor* v. *A. M. Ass'n,* 68 Ala. 229, Brickell, C. J., said: "We do not mean that it was shown that there was assent to and confirmation of the transaction expressed in words. That is not essential; for ratification is more often implied from the acts and conduct of parties having an election to avoid or confirm, than expressed in words. And it is implied whenever the acts and conduct of the principal, having full knowledge of the facts, are inconsistent with any other supposition than that of previous authority, or an intention to abide

by the act, though it was unauthorized." (See also Mecham on Agency, secs. 146–157.)

I think the power of attorney was admissible as a circumstance tending, at least, to strengthen the other evidence of a ratification, by showing the relation between defendant and McCarthy. It showed that McCarthy was not a stranger to defendant; that he was authorized to act as her attorney, to some extent, in regard to all her real property in this state, even though he may not have been authorized to mortgage it. "All the authorities," says Mr. Mecham (sec. 160), "agree that the relations of the parties have much to do in determining whether or not there has been a ratification." Where an authorized agent transcends his authority, the liability of the principal to be held to have ratified the unauthorized acts by mere acquiescence is much greater than it would be in case an utter stranger had assumed to act as agent, without any authority for any purpose whatever; because, "in general, where an agent is authorized to do an act, and he transcends his authority, it is the duty of the principal to repudiate the act as soon as he is fully informed of what has been thus done in his name, . . . . else he will be bound by the act as having ratified it by implication." (*Ward* v. *Williams*, 26 Ill. 447; 79 Am. Dec. 385.) But where an utter stranger assumes to act as agent, without any authority, for any purpose, the assumed principal is not required to repudiate so promptly, in order to repel the charge of having ratified the unauthorized acts by acquiescence, since in the latter case the assumed agent bears no ostensible relation as agent to the person for whom he assumes to act; and therefore third persons are not so liable to be deceived by his pretensions, it being their own fault if they deal with him as agent, without some *apparent* evidence of his authority.

And since the undisputed evidence made a *prima facie* case of ratification, the finding that the notes and mortgage were executed by defendant was thereby justified, —the ratification being equivalent to original authority.

2. Appellant further contends that the evidence does not justify the findings that Hardy died before the commencement of this action, that his will was admitted to probate, that letters testamentary were issued to the plaintiff, or that plaintiff ever qualified to act as executor.

I think these points should be sustained. While the evidence tends to show that Hardy died before the trial of the action, it does not show when he died. There is no evidence tending to prove that his will (if he made a will) was ever admitted to probate, or that letters testamentary were ever issued to plaintiff, or that plaintiff was in any way qualified to act as executor.

It is not claimed by counsel for respondent that there was any evidence of these alleged facts; but it is claimed that the court took judicial notice of them, inasmuch as the probate proceedings in the matter of the estate of Hardy were in the same court.

In the first place, there is no evidence of any such proceedings in any court; and in the second place, it is too clear to admit of question that the judicial knowledge of the court does not extend to the contents of its records in former actions or proceedings.

I think the judgment and order should be reversed, and the cause remanded for a new trial.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.

McFarland, J., Fitzgerald, J.

De Haven, J., concurring. — I concur in the judgment, and in the foregoing opinion. The amended complaint is defective, as the mortgage therein referred to is not set out in terms, or according to its legal effect, nor does the amended complaint contain any description of the property described in the mortgage. The allegation of the amended complaint as to the mortgage

is, that a copy of "said mortgage, with the indorsements thereon, is annexed to the original complaint herein, marked 'Exhibit A,' and made a part of this complaint." This is not sufficient. Records and papers cannot be made a part of a pleading by referring to them in this manner.