[Civ. No. 10359. First Appellate District, Division Two.—November 29, 1937.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. R. L. BUTTON et al., Appellants.

652

John E. Manders for Appellants.

Keyes & Erskine and J. Benton Tulley for Respondent.

DOOLING, J., *pro tem.*—Defendants appeal from a judgment for plaintiff in an action in unlawful detainer. Defendant R. L. Button was the lessee of the real property involved holding under a lease executed by one Crary. Subsequent to the execution of the lease Crary gave a deed of trust of the property covered by this lease to plaintiff and respondent bank to secure the payment of a loan. The lease was assigned to the bank as further security. Default having been made in the payment of the rent, respondent served the statutory notice upon appellant R. L. Button to pay the accrued rental within three days or surrender the premises.

Appellants urge various grounds for reversal which we dispose of as follows:

1. The notice was sufficient in form. (*Berryman* v. *Gibson*, 7 Cal. App. 679 [95 Pac. 671].)

2. The service of a "purported notice" to quit was admitted by the answer and the "purported notice" is set out in the answer *in haec verba.* The admission made unnecessary any further proof of service.

3. The notice was itself a sufficient demand for payment of the rent. No other demand was necessary. (*Wickstrom* v. *McGrath*, 86 Cal. App. 651 [261 Pac. 326].)

4. The assignment of the lease and a trustee's deed of the premises to respondent bank were introduced into

evidence. Respondent, as successor in interest of the lessor, was entitled to maintain the action. (*Wayland* v. *Latham,* 89 Cal. App. 55 [264 Pac. 766].)

Appellants pleaded in abatement a prior action pending. No proof of this action was introduced. Appellants ask us to take judicial notice of this prior action in order to reverse the judgment on the authority of *Woods-Drury, Inc.,* v. *Superior Court,* 18 Cal. App. (2d) 340 [63 Pac. (2d) 1184].

█ It is the general rule that courts will not take judicial notice of other actions even though pending in the same court. (*Estate of Fulton,* 8 Cal. App. (2d) 423 [48 Pac. (2d) 120]; *Brown* v. *Brown,* 83 Cal. App. 74 [256 Pac. 595]; *Ralphs* v. *Hensler,* 97 Cal. 296 [32 Pac. 243].) This rule has been made subject to exception, in the discretion of the court. (*Sewell* v. *Johnson,* 165 Cal. 762 [134 Pac. 704, Ann. Cas. 1915B, 645]; *City of Los Angeles* v. *Abbott,* 217 Cal. 184 [17 Pac. (2d) 993].) The exception is only invoked in unusual cases where unreasonable hardship would otherwise result. █ This does not appear to us to be such a case. Not only was no evidence of another action introduced but, so far as the record shows, the matter was not urged upon the trial court in any way. Counsel's conduct at the trial was such as to constitute a practical abandonment of the defense.

Judgment affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.