[L. A. No. 18061.   In Bank.   Nov. 25, 1941.]

SAN DIEGO TRUST & SAVINGS BANK (a Banking Corporation), Petitioner, v. FRED S. YOUNG, as Commissioner, etc., Respondent.

Luce, Forward, Lee & Kunzel and A. J. Lee for Petitioner.

No appearance for Respondent.

THE COURT.—The petitioner herein made application to this court for an alternative writ of mandate to compel the issuance of a commissioner's deed following the sale of property after foreclosure of a trust deed. The application was noticed by the petitioner for hearing by this court during its September calendar at Los Angeles. Respondent admitted service thereof and consented to submission of the application. Upon the calling of the calendar no appearance was made by respondent, and the matter was submitted.

The application sets forth the following facts: As beneficiary under a deed of trust dated September 19, 1935, the petitioner instituted the foreclosure action in the Superior Court of San Diego County. The trustors defaulted and on April 22, 1941, judgment was entered by which the court decreed foreclosure of the trust deed and sale of the premises. It was expressly provided in the judgment that the trustors might redeem the property within three months after the sale, and "that said commissioner, after the expiration of three (3) months following the date of said sale, providing no redemption . . . is made, shall execute a commissioner's deed to the purchaser. . . . " At the sale which was held on May 21, 1941, the petitioner purchased the property. The three-months' redemption period provided for in the decree expired on August 21, 1941, and thereafter the commissioner, respondent herein, refused to execute and deliver a deed—for the asserted reason that the superior court was without jurisdiction to direct the delivery of a deed prior to the expiration of one year following the date of sale of the property. In that regard respondent contended that inasmuch as the execution of the trust deed antedated the 1939 amendment of section 725a of the Code of Civil Procedure (by which the redemption period upon foreclosure of trust deeds was reduced from one year to three months) the amendment was inapplicable to the situation here involved.

■ However, it is unnecessary to dispose of the substantive question thus presented by the petition, for the reason that no appeal from the judgment of the superior court in the foreclosure action was ever taken by the defendants therein, and the judgment has become final. Also, the time has expired within which they might have presented a motion to set aside the judgment, pursuant to the provisions of section 473 of the Code of Civil Procedure. Furthermore, as heretofore stated, by its terms the judgment specifically directed respondent to execute and deliver a deed at the expiration of the three-months' period following the sale. Having become final, the judgment may not now be attacked by respondent on the asserted ground that it is incorrect, since from the record it affirmatively appears that in the foreclosure action the trial court had jurisdiction of the subject matter and of the parties thereto. (*Gray* v. *Hall*, 203 Cal. 306, 314 [265 Pac. 246]; *Estate of Gardiner*, 45 Cal. App. (2d) 559 [114 Pac. (2d) 643]; *Matter of Trust of Trescony*, 119 Cal. 568, 570 [51 Pac. 951].)

■ Therefore, on the continued failure of respondent to comply with the terms of the judgment, the petitioner has an adequate remedy by the institution of proper proceedings in the superior court to enforce such compliance.

The application for a writ is denied and the proceeding is dismissed.