[Civ. No. 12794.   Second Dist., Div. One.   Jan. 15, 1942.]

ANTIOCH COLLEGE OF YELLOW SPRINGS, GREENE COUNTY, OHIO (a Corporation), Respondent, v. G. EDWARD BARNHART, Appellant.

Waldo & Waldo for Appellant.

Henry L. Knoop for Respondent.

DRAPEAU, J. pro tem.—The plaintiff as assignee of the original payee sued to recover from the defendant maker on 26 non-negotiable promissory notes. These notes are similar in form, with the exception of amounts and dates, and some unimportant minor differences in text. In each note there appear the following two clauses:

". . . payable semi-annually, out of the profits, proceeds or other avails of the inventions, whether patented or unpatented of said G. Edward Barnhart for or in connection with seamless metal tubing, whether straight or tapered or metal rods, beams, and other metal parts, as and when the same shall be realized by said G. Edward Barnhart and not otherwise . . .

"The Statute of Limitations is hereby waived and shall not begin to run until the Maker shall inform the Holder of the above note that profits, proceeds, or other avails have been received which are applicable to the payment of said note."

Upon the primary issue as to whether or not the defendant had received money from inventions referred to in the notes, the trial court found that he had received $41,-569.13 in profit, proceeds, and other avails applicable to the payment of the notes. Although given the opportunity so to do, the defendant failed to testify to any proper offsets to this amount. On this issue the defendant's testimony was evasive and shifty. After reviewing the extensive record, we can find no reason why we should disturb the finding of the trial court.

All through the case runs what might be termed another primary issue: Whether or not the notes in suit were an integral part of a contract represented by the notes and

other writings between the maker and the plaintiff. This defense was urged by defendant on a number of different occasions, and ruled upon by different judges of the superior court: First, when the trial court sustained demurrers to portions of defendant's answers, cross-complaints and counter-claims, without leave to amend. There were three of these pleadings: The answer, cross-complaint and counter-claim; the first amended answer, cross-complaint and counter-claim; the second amended answer, cross-complaint and counter-claim. Second, upon the refusal of the trial court to permit amendments to the pleadings to be made upon the trial of the case. And third, upon the offer in evidence of the contracts which the defendant alleged were part and parcel of the notes in suit.

We agree with the decision of the several judges of the trial court who heard the several matters to which we have referred, that a reading of these contracts demonstrates that they were no part whatever of the contracts represented by the promissory notes. In finally disposing of this contention it may be said that the other agreements were cancelled by the parties thereto without making any reference to the notes.

■ Finally, the appellant complains because of the ruling of the trial court overruling his demurrer to the complaint. This instrument we have likewise read carefully, and we agree with the trial court that it states a cause of action. It is apparent that the defendant endeavored to require the plaintiff to plead in his complaint the contract relationship which the defendant contended for. This was not required.

■ Also, the demurrer raised the point that on its face the causes of action pleaded were barred by the statute of limitations.

". . . a demurrer on the ground of the bar of the statute of limitations does not lie where the complaint merely shows that the action may have been barred. It must appear affirmatively that, upon the facts stated, the right of action is necessarily barred." (*Pike* v. *Zadig*, 171 Cal. 273, 277 [152 Pac. 923]; *Vassere* v. *Joerger*, 10 Cal. (2d) 689, 693 [76 Pac. (2d) 656].)

■ And the clause in the notes which we have quoted waived the running of the statute of limitations as between the parties. This may be done by contract. (*Brownrigg* v. *DeFrees*, 196 Cal. 534 [238 Pac. 714]; *Dexter* v. *Pierson*, 214 Cal. 247 [4 Pac. (2d) 932].)

Appellant's brief raises a number of other points which are not necessary to our decision. There is no question here about the fact that the notes are non-negotiable, or that the holder takes them subject to equities running between the maker and the payee, or principles of accounting or joint adventure.

A review of the record in this case, which includes 773 pages of appellant's brief and supplement (which brief and supplement contains a citation of 540 authorities, including 60 text books and encyclopedias) brings the case down to this: The defendant made and delivered to the payee a series of non-negotiable promissory notes, for which he received the money in full; the payee assigned them to plaintiff, and the defendant has paid no part of the money he received. During the years which elapsed after the making of the notes, the defendant was paid $41,569.13 which should have been applied upon payment of the notes. He had an opportunity to explain what part of this money, if any, could have been used as a set-off thereto,—an opportunity of which he did not avail himself. There is no merit to his contention that the notes were part of a larger contract involving some different contractual relationship between him and the payee of the notes than that embodied in the contract expressed by the notes themselves. This is just another case in which there is substantial evidence to support the findings and judgment of the trial court.

The judgment is therefore affirmed. The appeal from the order denying the motion for a new trial is dismissed.

York, P. J., and Doran, J., concurred.