[Civ. No. 16186. Second Dist., Div. Two. Mar. 25, 1948.]

COUNTY OF LOS ANGELES, Respondent, v. SECURITY FIRST NATIONAL BANK OF LOS ANGELES, as Executor, etc., Appellant.

D. Chase Rich for Appellant.

Harold W. Kennedy, County Counsel, Robert L. Trapp and Gerald G. Kelly, Deputy County Counsel, for Respondent.

MOORE, P. J.—This is an action upon a rejected claim against the estate of decedent Hunt. During a portion of her lifetime the lady was an indigent resident of Los Angeles county, incapacitated by disease or accident and not supported by relatives or friends or by anyone except respondent. While she was so incapacitated and indigent respondent provided her with hospitalization, medical attention, treatments, serums, and other services, in the amount of $2,920.29. In the course of administration of her estate of which she became possessed prior to her demise respondent exhibited at the place designated for the presentation of claims of creditors and filed with the clerk of the superior court its claim comprising an itemized list of the merchandise and services supplied to decedent in accordance with Act 5815, Deering's General Laws, 1933 Supplement, and sections 2007, 2165, 2222, 2223, 2223.5, 2227, 2576, 2600 and 2603 of the Welfare and Institutions Code. Attached to the claim was decedent's agreement to pay the county the actual amount of such aid and relief and to reimburse respondent for all charges made for aid and relief under or pursuant to any or all laws of the state, past, present or future, at the rate fixed by the board of supervisors. Those laws also authorize aid or relief by counties to such persons or any of them. Such agreement includes a waiver of all statutes of limitation.

While conceding the validity of the waiver appellant contends that respondent's claim is based upon a "contract liability" rather than on a "statutory liability" and, inasmuch as the claim was filed two and one-half months subsequent to the expiration of the six-month period for filing claims against the estate, that therefore "the complaint substantially fails to state a cause of action," citing *People* v. *Osgood*, 104 Cal.App. 133 [285 P. 753]; *County of San Luis Obispo* v. *Gage*, 139 Cal. 398 [73 P. 174]; *Reay* v. *Heazelton*, 128 Cal. 335 [60 P. 977]. (Code Civ. Proc., §§ 315, 317, 345.)

The only special demurrer aimed at the complaint was that "the sums of $73.50, $2.50, $64.47 and $925.38 of the $2,920.29 sum of the claim are barred by the provisions of

sections 337 and 338 of the Code of Civil Procedure." . It was overruled as well as was the general demurrer. Appellant having declined to answer, judgment ensued for the full amount of the claim.

The filing of the claim by respondent was unnecessary. The claim is based upon section 2603 of the Welfare and Institutions Code which is as follows: "If a person for the support of whom public moneys have been expended acquires property, the county shall have a claim against him to the amount of a reasonable charge for moneys so expended and such claim shall be enforced by action against him by the district attorney of the county on request of the board of supervisors . . . The support of such indigent from public funds shall be deemed a ground for sale or encumbrance of his property under the provisions of section 1530 of the Probate Code." It was the rule at common law that in the absence of fraud in procuring relief a recipient of charity from the state was under no obligation to repay the governmental agency disbursing such charity; nor was the estate of such pauper under obligation to make reimbursement, notwithstanding that the indigent at the time the charities were furnished owned property. (*In re Dufek's Estate,* 164 Minn. 55 [204 N.W. 469, 470]; *Montgomery County* v. *Gupton,* 139 Mo. 303 [39 S.W. 447, 448, 40 S.W. 1094]; *Bremer County* v. *Curtiss,* 54 Iowa 72 [6 N.W. 135]; *Spokane County* v. *Arvin,* 169 Wash. 349 [13 P.2d 1089, 1090]; 48 C.J. 519, 520.)

Prior to the effective date of section 2603 the common law rule prevailed so generally that in the absence of a special statute no liability rested upon a recipient of public charity to reimburse the state and county for aid legitimately obtained. (*County of Alameda* v. *Janssen,* 16 Cal.2d 276, 283 [106 P.2d 11, 130 A.L.R. 1141].) Such rule was changed by the last-quoted statute, the validity of which has not heretofore been questioned before the appellate courts. However, many of such causes have been adjudicated by the Appellate Department of the Superior Court of Los Angeles County, whereby it has been held that (1) under section 2603 the recipient of county charity becomes liable to the county for the value of goods and services rendered upon acquiring property; (2) under the section and its antecedents (Stats. 1901, p. 636; Deering's Gen. Laws, 1931, Act 5814, § 6; Deering's Gen. Laws, 1933 Supp., Act 5815) such person as may have received relief as an indigent shall be liable for payment

therefor after he becomes the owner of property and suit shall be brought to recover the value of such relief; (3) since the county's action is based upon statutory liability the statute of limitations does not begin to run until such property has been acquired; (4) the county has the legal right to proceed against the indigent under section 2603 and is not required to elect between it and any other remedy; (5) since the cause of action is based upon statutory liability the county is not required by sections 707 and 716 of the Probate Code to present its claim to the executor before bringing suit thereon. Such decisions are intelligent and reasonable interpretations of the statute and consonant with sound public policy in the matter of alleviating suffering as well as of requiring every resident of the state to maintain himself when he is able to do so.

The filing of the claim by respondent was harmless. No advantage was derived by it or lost to appellant by reason thereof. ▇ The filing of a claim against an estate is a matter regulated entirely by statute and not by agreement of the parties. (*Millar* v. *Millar,* 51 Cal.App. 718, 728 [197 P. 811]; *Kagee* v. *Bencich,* 27 Cal.App.2d 469, 471 [81 P.2d 265]; *People* v. *Hochwender,* 20 Cal.2d 181, 183 [124 P.2d 823].) ▇ It is pointed out in the Hochwender case, a suit for taxes, that section 707 of the Probate Code provides that all claims arising upon contract must be filed within the time limit in the notice, but that a law-imposed obligation may be enforced by suit without the necessity of filing a claim therefor with the personal representative of the obligor. (See also *Department of Social Welfare* v. *Stauffer,* 56 Cal.App. 2d 699, 702 [133 P.2d 692].)

▇ In the instant case a default judgment was entered after the appellant had declined to answer the complaint, its demurrer having been overruled. A demurrer reaches only the contents of a pleading and such matters as may be comprehended by the doctrine of judicial notice. The mere furnishing of aid to an indigent creates only a contingent obligation to reimburse the county. The complaint does not disclose that such contingency had arisen. Hence it did not show on its face that the statute of limitations had run. Therefore the failure of the demurrer was certain. To be specific, decedent received aid between July 1, 1934, and July 31, 1942, the items of which are set forth in the exhibit attached to the pleading. During such period she was an indigent until she

became possessed of sufficient financial ability to pay the county. The running of the statutory period does not extend the cause of action but merely bars the remedy. However, in order to plead a demurrer with effect it was essential that the complaint show that decedent had gained the financial ability to reimburse the county more than four years prior to the filing of the action. The pleading having failed to make such disclosure the demurrer was unavailing. ▮ A demurrer based on the ground that the complaint shows by its allegations that it is barred by the statute of limitations does not lie if the pleading merely shows that the action may have been barred. (*Vassere* v. *Joerger,* 10 Cal.2d 689, 693 [76 P.2d 656]; *Antioch College* v. *Barnhart,* 49 Cal.App.2d 171, 173 [121 P.2d 521].)

▮ Pleadings must be reasonably interpreted; each part must be given the meaning to which the context entitles it and it must be read as a whole with a view to substantial justice between the parties. (*Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 42 [172 P.2d 867].) ▮ Statutes of limitation are designed to prevent the resurgence of stale claims after the lapse of long periods of time as a result of which loss of papers, disappearance of witnesses, feeble recollections, make ineffectual or extremely difficult a fair presentation of the case. But they are not intended as defenses to just demands of comparatively recent origin. When the facts relied upon leave it clearly in doubt whether the case is within the statute pleaded courts should not indulge a strained construction in order to support the plea. (*McGrath* v. *County of Butte,* 30 Cal.App.2d 734, 738 [87 P.2d 381].)

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.