Filed 3/18/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SANDRA BOWMAN, as Cotrustee, etc., et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>CALIFORNIA COASTAL COMMISSION,<br><br>    Defendant and Respondent. | 2d Civil No. B243015<br>(Super. Ct. No. CV100611)<br>(San Luis Obispo County) |

The California Coastal Commission (Commission) grants a party a development permit. After the time for appeal has passed, the party may not collaterally attack the permit. A collateral attack is not a substitute for an appeal. (Pub. Resources Code, § 30600.)

The County of San Luis Obispo (the County) issued a coastal development permit on condition the landowner dedicate a lateral public access easement across the oceanfront portion of the property. The landowner did not appeal the condition, but later, after the permit became final, requested removal of the easement condition in a second coastal development permit application to the County. The County allowed the condition to be removed. Other parties appealed the removal of the condition to the Commission. The Commission refused to remove the easement condition imposed in the first permit. The landowner petitioned for a writ of administrative mandate. The trial court gave judgment to the Commission. We affirm.

Collateral estoppel bars the landowner from attacking in a second permit application the validity of a condition that became final in the first permit application.

FACTS

Walton Emmick owned approximately 400 acres in San Luis Obispo County. At the time he purchased the property, it contained a single family residence and a barn. The residence was uninhabitable and the barn was in disrepair. The property includes approximately one mile of shoreline along noncontiguous parcels. The parcels are separated by a parcel owned by another property owner.

In May 2002, Emmick applied to the County for a coastal development permit (CDP) to rehabilitate the residence. The permit application included interior and exterior improvements, installation of a new septic system, and a connection of an existing water well to the house.

While the CDP application was pending, in June 2002, Emmick applied to the County for construction permits covering much of the same work as the CDP application. The County issued the permits over the counter.

Emmick began work on the residence pursuant to the construction permits. A county inspector told Emmick he had to stop work until the County issued the CDP. Emmick complied. The County did not issue a formal stop-work order.

Emmick died in March 2003. SDS Family Trust (SDS) succeeded to the property.[1]

In March 2004, the County approved the CDP for which Emmick had applied. The parties refer to it as "CDP-1." CDP-1 was conditioned upon SDS's offer to dedicate a lateral easement for public access along the shorefront portion of the property. The County's reason for the easement condition was that the residence had not been occupied for several years and its occupation would increase the intensity of the property's use.

_____

[1] Plaintiffs and appellants, Cotrustees Sandra Bowman, Denise McLaughlan and Sharyn Schrick of the SDS Family Trust, are collectively referred to as SDS.

The notice of approval informed SDS that it had 14 days to appeal. SDS did not appeal.

Nine months later, in December 2004, SDS applied to the County for another coastal development permit (CDP-2) This application was for the construction of a 4,576 square-foot barn to replace the existing barn, which had collapsed. The application included remodel of the existing residence, connection to an existing well and installation of a new septic system, all of which had been approved under CDP-1. Significantly, the application requested the removal of the condition requiring an offer to dedicate a lateral coastal access easement imposed by CDP-1.

The County approved the CDP-2 application, including the removal of the coastal access condition. The County removed the condition in spite of finding that SDS is "currently in violation" of the lateral easement condition because the remodeling of the residence had begun but SDS has not recorded an offer to dedicate.

The Sierra Club, the Surfrider Foundation and two coastal commissioners appealed the County's approval of CDP-2 to the Commission. The parties appealing were concerned that the County had eliminated a valid existing easement condition imposed by CDP-1. The Commission accepted jurisdiction.

After hearing, the Commission determined that the easement condition contained in CDP-1 is permanent and binding on the landowner, and removal of the easement condition would violate the policy favoring public access to coastal resources. The Commission conditioned its permit on the implementation of the easement condition contained in CDP-1.

DISCUSSION

I.

In reviewing a judgment from a petition for writ of administrative mandate, our function is the same as that of the trial court. (*LT-WR, LLC v. Cal. Coastal Com.* (2007) 152 Cal.App.4th 770, 780.) We must determine whether the Commission's decision is supported by substantial evidence. (*Paoli v. Cal. Coastal Com.* (1986) 178 Cal.App.3d 544, 551-553.)

3

In viewing the evidence, we look only to the evidence supporting the prevailing party. (*GHK Associates v. Mayer Group, Inc.* (1990) 224 Cal.App.3d 856, 872.) We discard evidence unfavorable to the prevailing party as not having sufficient verity to be accepted by the trier of fact. (*Ibid.*) Where the trial court or jury has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 376, p. 434.) The trier of fact is not required to believe even uncontradicted testimony. (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1028.)

## II.

SDS contends the access easement condition constitutes an unlawful exaction of its property under *Nollan v. California Coastal Commission* (1987) 483 U.S. 825 and *Dolan v. City of Tigard* (1994) 512 U.S. 374, because the condition is not roughly proportional to the burden the project places on the public interest. SDS also contends the easement condition violates the local coastal plan.

The Commission responds that it did not create the easement condition. The condition was created by the County in approving CDP-1. SDS's failure to appeal CDP-1 rendered the condition final and binding. The Commission argues it did nothing more than refuse to remove a valid and binding condition.

Where an administrative tribunal has rendered a quasi-judicial decision that could be challenged by administrative mandamus pursuant to Code of Civil Procedure section 1094.5, a party's failure to pursue that remedy will give rise to collateral estoppel. (See *Mola Development Corp. v. City of Seal Beach* (1997) 57 Cal.App.4th 405, 410.) The failure to pursue administrative mandamus will preclude the litigation of claims that were actually litigated in a prior proceeding or that could have been litigated. (*Patrick Media Group, Inc. v. Cal. Coastal Com.* (1992) 9 Cal.App.4th 592, 617.)

Here when the County granted CDP-1 it made a quasi-judicial determination that the lateral easement condition was valid for the proposed development because development would lead to an increased use of the property. When SDS failed

4

to appeal, that determination became final. SDS may not collaterally attack the determination of validity.

SDS argues, without citation to authority, that a permit applicant who is dissatisfied with a permit condition may simply "walk away" from the permit and apply for a new one. SDS may be able to walk away from the permit, but it cannot walk away from collateral estoppel.

Collateral estoppel does not depend on the permit. It applies even in cases where no permit is involved. (See, e.g., *Weil v. Barthel* (1955) 45 Cal.2d 835, 839 [final judgment barring equity of redemption not subject to collateral attack].) The purpose of collateral estoppel is to protect the finality of judgments, or in this case, administrative decisions. (See 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 334, p. 938.) A party dissatisfied with an administrative decision must attack it directly on appeal, or the issues decided therein will be deemed conclusively determined against the party. (See *Weil*, *supra*, at p. 839.) It is the finality of that determination, not the permit, from which the collateral estoppel arises.

For the same reason, SDS's argument that CDP-1 has expired is unavailing. Collateral estoppel does not depend on the permit.

Here SDS is attempting to use its application for CDP-2 to collaterally attack the easement condition imposed in CDP-1. The lateral access condition was based on the projected increase in use generated by the development project. This condition had been conclusively determined. SDS is precluded from attacking it in a collateral proceeding. Whether the imposition of the access easement condition violates the *Nollan/Dolan* test or the local coastal plan is beside the point. Even an erroneous decision is as conclusive as a correct one. (*Weil v. Barthel*, *supra*, 45 Cal.2d at p. 839.)

SDS points out that a permit condition can be modified. But SDS points to nothing that would compel the Commission to modify the access easement condition, a condition the validity of which is not subject to attack.

SDS claims that the Commission expanded the width of the easement beyond that required by CDP-1. But the Commission stated under "Special Conditions":

5

"Compliance with CDP-1. PRIOR TO ISSUANCE OF THE COASTAL DEVELOPMENT PERMIT, the Permittee shall submit to the Executive Director for review and approval proof that the offer to dedicate (OTD) a lateral public access trail easement along the shoreline portion of the property as required by CDP[-1] has been recorded consistent with the terms and conditions verifying its recordation, and shall include written evidence of review and approval by San Luis Obispo County." The easement condition goes no further than requiring compliance with CDP-1. It does not expand the requirement.

III.

SDS contends that it never accepted CDP-1.

SDS cites no authority for the proposition that acceptance of the permit by the applicant is necessary for collateral estoppel. Collateral estoppel is not based on a party's acceptance of the result of a judicial or quasi-judicial determination. Instead, it is based on the policy insulating final decisions from collateral attack. (See 7 Witkin, *supra*, § 334 at pp. 938-939.) Thus, even if SDS did not accept CDP-1, it would be precluded from collaterally attacking the easement condition.

In any event, the Commission as the trier of fact could reasonably conclude SDS accepted CDP-1 by implication.

Here SDS completed the work on the house restoration that CDP-1 authorized. SDS did not appeal CDP-1. Instead, SDS accepted the benefit of the house restoration and improvements, and that benefit continues to this day. A party who fails to challenge the validity of a permit condition and accept its benefits has acquiesced in the permit and is bound by the conditions. (*County of Imperial v. McDougal* (1977) 19 Cal.3d 505, 510, 511.)

SDS argues that it is not enough to accept the benefit of a permit in order to be bound; a party must also accept its burden. That one can accept the benefits of a permit and avoid its burdens simply by ignoring or rejecting them is untenable. The cases on which SDS relies, involve permit holders who accepted the benefits of the permit, but also performed the permit conditions. (Citing *County of Imperial v.*

6

*McDougal*, *supra*, 19 Cal.3d at p. 510; *Ojavan Investors, Inc. v. Cal. Coastal Com.* (1994) 26 Cal.App.4th 516, 527; *Rossco Holdings, Inc. v. State of California* (1989) 212 Cal.App.3d 642, 646.)  But in none of those cases do the courts consider any requirement that a permit holder must accept the burdens of a permit in order to be found to have accepted the permit.  A case is not authority for matters not considered therein.  (*Contra Costa Water Dist. v. Bar-C Properties* (1992) 5 Cal.App.4th 652, 660.)  Instead, the cases all hold that a party is bound by the conditions of a permit when he fails to challenge the permit and accepts its benefits.  (*County of Imperial*, *supra*, at pp. 510-511; *Ojavan Investors, Inc.*, *supra*, at p. 527; *Rossco Holdings, Inc.*, *supra*, at p. 654.)

SDS argues that all the improvements were constructed under the County's over-the-counter building permits.  It points to evidence that all the improvements to the house were completed over a year prior to the issuance of CDP-1, and that no improvements have been constructed since.

But because SDS's property is in the coastal zone, the County's building permits alone are not sufficient.  A CDP is also required.  (Pub. Resources Code, § 30600, subd. (a).)

SDS appears to argue that because Emmick completed the improvements prior to the time CDP-1 was issued, it cannot be said that SDS has accepted the benefits of CDP-1.  But CDP-1 had the potential, at least, to retroactively make the illegally constructed improvements legal.  That alone is a benefit.  SDS did not, after all, withdraw its application for CDP-1 once the improvements were completed; nor has it removed the illegally constructed improvements.

Moreover, SDS's argument amounts to nothing more than that it has gained an advantage by illegally constructing the improvements instead of waiting for CDP-1 to be issued and complying with its conditions.  A party who waits for the proper permit to legally construct improvements may be said to have accepted the benefit of the permit.  But in SDS's view, a party who illegally constructs improvements prior to obtaining a permit, may not be said to have accepted the benefit of the permit, and thus, may escape

7

its burdens.  Suffice it to say, SDS will not be allowed to obtain an advantage from illegal activities.

The judgment is affirmed.  Costs are awarded to respondent Commission.

CERTIFIED FOR PUBLICATION.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.


8

Dodie A. Harman, Judge

Superior Court County of San Luis Obispo

_____

Pacific Legal Foundation, Paul J. Beard II, Damien M. Schiff for Plaintiffs and Appellants.

Richard M. Ross for California Cattlemen's Association as Amicus Curiae on behalf of Plaintiffs and Appellants.

Briscoe Ivester & Bazel, John Briscoe, Peter Prows for Building Industry Association of the Bay Area as Amicus Curiae on behalf of Plaintiffs and Appellants.

Kamala D. Harris, Attorney General, John A. Saurenman, Senior Assistant Attorney General, Christina Bull Arndt, Supervising Deputy Attorney General, for Defendant and Respondent.